**Melsi QOKU, Petitioner,**

v.

**John D. ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–3110.

United States Court of Appeals, Seventh Circuit.

Submitted July 29, 2003.*

Decided July 30, 2003.

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

**ORDER**

Melsi Qoku, a native and citizen of Albania, served on the police force there from the time the Democratic Party–of which Qoku is a member–gained control of the government in 1991 until power shifted to the Socialist Party in the summer of 1997. Qoku left Albania in late 1997 after being charged with "use of power against the law for position in job" and sought asylum and withholding of removal in the United States, arguing that if he returned to Albania he would be denied a fair trial because of his political beliefs. An immigration judge denied Qoku's requests, finding insufficient evidence to support Qoku's claim that he would "not be able to secure a fair trial for *politically motivated* reasons," and the Board of Immigration Appeals affirmed the IJ's decision without issuing an opinion. Qoku, proceeding pro se, seeks review of the BIA's decision.

Qoku's sole argument is that if he returns to Albania he will suffer future per-

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R.App. P. 34(a)(2).

secution based on his political belief: he contends that his trial in Albania will be nonpublic, and that certain unidentified witnesses will commit perjury and others will decline to testify, all on the basis of Qoku's affiliation with the Democratic Party. *See, e.g., Ciorba v. Ashcroft,* 323 F.3d 539, 545 (7th Cir.2003) (applicant may establish eligibility for asylum by presenting evidence of a "well-founded fear" that he will endure mistreatment qualifying as persecution on account of his political opinion). As an initial matter, we doubt that either a government's refusal to grant public trials or an individual witness's decision not to provide truthful testimony rises to the level of persecution. *See, e.g., Meghani v. INS,* 236 F.3d 843, 847 (7th Cir.2001) ("unpleasant and even dangerous conditions" do not necessarily constitute persecution); *Sharif v. INS,* 87 F.3d 932, 935 (7th Cir.1996) (persecution does not encompass all treatment our society regards as unfair or unconstitutional).

In any case, Qoku failed to meet his burden of showing that these scenarios are reasonably likely to occur and would be linked to his political beliefs. Qoku was required to bring forth specific, detailed facts supporting the reasonableness of his fear that his trial would be unfair, *see, e.g., Awad v. Ashcroft,* 328 F.3d 336, 342 (7th Cir.2003), but he offered only somewhat vague testimony that he had "hear[d]" about police officers committing perjury, that he believed that any witnesses he might call would be "afraid" to testify, and that he did not think he would receive an "open[-]door" trial. Qoku also testified generally that two of his former colleagues on the police force were imprisoned after he left Albania and that others were sought by the authorities, and although he suggests that this demonstrates that the

Albanian government "systematically" punishes Democratic–Party sympathizers, he offers nothing more than his personal belief to show that the charges against his colleagues were other than legitimate. *Cf. Sharif,* 87 F.3d at 935 (punishment for violating a country's generally-applicable laws does not amount to persecution "absent some showing that the punishment is being administered for a nefarious purpose").

Because this evidence does not compel a finding that Qoku had the requisite fear of persecution, *see, e.g., INS v. EliasZacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we DENY Qoku's Petition for Review.